PER CURIAM:
*70 Claimants are the owners of property located in Richwood, Nicholas County, West Virginia. Claimants' property sustained flood damage in August 1989. claimants allege that the flooding resulted from respondent's negligent maintenance of certain culverts located on W.Va. Route 76, also known as the "CC Road", which road is above claimants' property. Claimants allege damages in the amount of $3,267.74.
Respondent contends that the culverts were cleaned and maintained in accordance with regular maintenance procedures and that the flooding was the result of an unusual amount of rainfall which occurred the night prior to the flood on claimants' property.
Claimants' testimony described the flood which occurred at approximately 7:00 to 8:00 a.m. on August 21, 1989. claimants observed water flowing onto their property "like a river." The water flooded the basement level of the house and the garage. The basement was finished and carpeted. Claimants telephoned neighbors for assistance. It was determined that the culvert above claimants' property was clogged completely. Claimant Steve Holcomb, with the assistance of neighbors, cleaned it out so that water could flow through it. They also dug a ditch and piled rocks in front of the basement wall to attempt to divert the water. However, water seeped through the blocks and flooded the basement. The carpet was damaged from the mud and water as was a wall mural. The walls were stained by the muddy water and required repainting. The water also washed gravel from claimants' driveway.
During the flood one of the respondent's employees, Raymond R. Tolley, a crew leader for respondent, came to claimants' residence. He observed three culverts blocked with rocks and debris which are located above claimants' property. Mr. Holcomb explained that respondent had cleaned these same culverts two to three months prior to the flooding when excess water had flowed onto claimants' property during a hard rain.
The evidence in this claim established that over two days on August 20 and 21, 1989, the Richwood area received approximately 3.33 inches of rain. Route 76 above claimants' property has three culverts at locations from claimant's property to 726 feet from the property. The farthest culvert carries a small stream. During this rainfall large rocks flowed into the stream culvert blocking it. The next two culverts then became blocked by rocks, debris mud, and soil which flowed from the stream area. When all three culverts became blocked, the water then flowed onto claimant's property causing the flood in their basement and washing the gravel out of the driveway. The water flowed in its natural course from a higher level to a lower level which was below and across claimants' property.
Respondent established that these culverts had been cleaned and maintained prior to this flooding. The stream culvert and the second culvert were replaced after this particular flood as the rocks blocked the culverts. Respondent replaced an 18-inch culvert with a 24-inch culvert at the stream. The second culvert was an 18-inch culvert also and it was replaced with a new 18-inch culvert. The 18-inch culvert directly above claimant's property was not replaced, but it was cleaned. The ditchline was also cleaned. This maintenance was required as a direct result *71 of the flooding from the stream.
The Court is of the opinion that respondent had performed proper and reasonable maintenance of the culverts prior to this flood. The rainfall was of an unusual mount and could not be reasonably anticipated by respondent. The water flowed in its natural course. The Court is of the opinion that respondent was not negligent in its maintenance of Route 76. although not unmindful of the damages to claimants' property, the Court is of the opinion that the respondent's duty to maintain roads does not extend to require it to take effective measures to prevent damage resulting from weather conditions which it did not and could not reasonably have anticipated. Therefore, the Court is of the opinion to and does disallow this claim.
Claim is disallowed.